**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CRAIG VERLINE and SONJA VERLINDE,     ) <br> ) <br> ) <br> Plaintiff,     ) <br> ) <br> v.     ) <br> ) <br> STATE FARM FIRE AND CASUALTY COMPANY and BRONSON SCHUBERT AGENCY, INC.,     ) <br> ) <br> ) <br> ) <br> ) <br> Defendants.     ) | Case No. CIV-26-842-R |

## <u>ORDER</u>

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 12] and State Farm's Motion for Jurisdictional Discovery [Doc. No. 15]. Both motions are fully briefed and at issue [Doc. Nos. 13, 14, 16, 17].

### *Background*

This case arises from State Farm's adjustment of Plaintiffs' claim for storm damage to their home. Plaintiffs allege that their home was damaged by a wind and hail storm on September 24, 2024, they submitted a claim to State Farm under their homeowner's insurance policy, and State Farm wrongfully underpaid the claim by attributing the damage to cosmetic issues, wear and tear, or deterioration. Am. Pet. ¶¶ 39-45.  Plaintiffs allege the partial denial was part of a systemic and pervasive scheme by State Farm to deny storm claims based on an undisclosed and narrow definition of hail damage and a variety of bad faith claims handling tactics. *Id.* ¶¶ 27-38. Plaintiffs assert claims against State Farm for

breach of contract, breach of the duty of good faith and fair dealing, and constructive fraud/negligent misrepresentation.

Plaintiffs purchased the State Farm policy under which they sue from the Bronson Schubert Agency, Inc. *Id.* ¶¶ 3-4. They allege that, during the procurement of the policy, they specifically requested a policy that would provide coverage for any weather-related damage to the roof. *Id.* ¶¶ 9, 10, 15, 22, 77, 82.  They further allege that the Agency made affirmative, oral representations about the scope of the coverage and the condition of their roof, including that the policy would fully replace their roof for any weather related damage, including cosmetic damage. *Id.* Plaintiffs assert claims against the Agency for negligent procurement of insurance based on its alleged failure to obtain the comprehensive replacement cost coverage they requested and constructive fraud/negligent misrepresentation based on its alleged misrepresentation or concealment of material facts regarding the scope of coverage and State Farm's alleged scheme.

State Farm removed the case on the basis of diversity jurisdiction contending that the Agency, an admittedly non-diverse defendant, is fraudulently joined in the action. Plaintiffs seek remand, arguing that State Farm has not met its heavy burden of showing that the Agency is a fraudulently joined defendant. State Farm moves separately for jurisdictional discovery, arguing that Plaintiffs have "manufactured" facts for the purpose of defeating federal jurisdiction.

### *Standard*

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotation omitted). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (brackets and quotation omitted). The first prong "basically requires a showing that plaintiff lied in the pleadings." *Sanelli v. Farmers Ins. Co., Inc.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (quotation omitted). Under the second prong, the removing party must show "that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished) (quotation and brackets omitted). "This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)." *Id.* Further, "remand is required if any one of the claims against the non-diverse defendant…is possibly viable." *Id.*

Although removability is typically determined on the face of the pleadings, "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (internal citation omitted). "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Id.*

*Discussion*

State Farm contends that Plaintiffs' allegations and the other evidence in the record show that Plaintiffs are unable to establish a cause of action for negligent procurement of insurance or negligent misrepresentation/constructive fraud against the Agency. Oklahoma law defines constructive fraud as "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, … by misleading another to his prejudice, …." Okla. Stat. Ann. tit. 15, § 59(1). Such a duty "may arise if a party selectively discloses facts that create a false impression." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1181 (10th Cir. 2008) (applying Oklahoma law). Put another way, "[c]onstructive fraud is the concealment of material facts which one is bound under the circumstances to disclose." *Bankers Tr. Co. v. Brown*, 107 P.3d 609, 613 (Okla. Civ. App. 2005). *See also Sullivan v. Wyndham Hotels & Resorts, Inc.*, No. 21-7003, 2021 WL 5822690, at *3 (10th Cir. Dec. 8, 2021) (explaining that negligent misrepresentation requires a material misrepresentation, a breach of a duty in making the misrepresentation, and reasonable reliance to the plaintiff's detriment).

Here, Plaintiffs allege that they made specific requests regarding the scope of coverage for their roof, the Agency made express reassurances about the coverage,[1] and

---

[1] These allegations distinguish this case from previous cases where the Court concluded that the insurance agent was a fraudulently joined defendant. In those cases, Plaintiffs were primarily relying on inherent or implied representations that insurance agents purportedly make every time they procure a policy and did not allege an affirmative misstatement or partial disclosure by the agent that might be sufficient to support a constructive fraud claim. *See, e.g., Barlow v. State Farm Fire & Cas. Co.,* No. CIV-25-44-R, 2025 WL 1139489 (W.D. Okla. Apr. 17, 2025). *See also* Weakley v. State Farm Fire & Cas. Co., No. CV 25-00091-JD, 2025 WL 2971468, at *6 (W.D. Okla. Oct. 21, 2025) (recognizing "notable differences" in cases where "the plaintiffs alleged that the insurance agent made an affirmative misrepresentation regarding their

those statements were either false or misleading. Given these allegations and the heavy burden of proving fraudulent joinder, the Court is unable to conclude that Plaintiff has no possibly viable cause of action against the Agency for constructive fraud/negligent misrepresentation.[2] *See Montejo v. Allstate Vehicle & Prop. Ins. Co.,* No. CIV-23-738-G, 2025 WL 2755873, at *4 (W.D. Okla. Sept. 29, 2025) (concluding that plaintiff could possibly recover against insurance agent for constructive fraud where the agent made specific representations about home's eligibility for a more selective coverage rider).

State Farm additionally contends that there is actual fraud in the pleading of jurisdictional facts. State Farm points out that this is but one of many cases brought by Plaintiffs' counsel against State Farm, counsel utilizes a form pleading that is substantially similar in each case, some of the allegations in the pleading are contradicted by undisputed facts in the record,[3] counsel has previously been cautioned by another court in this district for including inaccurate allegations,[4] and it is implausible to think that all State Farm agents are making the same inaccurate statements to customers. While these arguments cast doubt

---

insurance coverage" as opposed to cases alleging "an inherent or implied representation attendant to the issuance of an insurance policy").

[2] Given this determination, there is no need to address the claim for negligent procurement. *See Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (explaining that a fraudulent joinder analysis turns on "whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant.").

[3] For example, Plaintiffs make allegations about policy renewal even though the policy never renewed and allege that Defendant failed to disclose that the property was ineligible for replacement cost coverage even though they received a replacement cost policy. *See* Am. Pet. ¶¶ 21, 68. Counsel's practice of recycling allegations without regard to their applicability to a particular defendant suggests a level of carelessness but is not sufficient to establish fraudulent joinder, particularly given the other case-specific allegations included in the pleading.

[4] *See Marino v. State Farm Fire & Cas. Co.*, No. CIV-22-885-HE, 2023 WL 11915691, at *1, *3 (W.D. Okla. Aug. 7, 2023); *Goebel v. State Farm Fire & Cas. Co.*, No. CIV-22-882-HE, 2023 WL 11883977, at *1-3 (W.D. Okla. Aug. 7, 2023); *Baltasar v. State Farm Fire & Cas. Co.*, No. CIV-22-928-HE, 2023 WL 11883978, at *1-2 (W.D. Okla. Aug. 8, 2023).

on the veracity of Plaintiffs' allegations, the Court is not persuaded that they are sufficient to establish actual fraud in this case.

> The evidentiary findings of other cases, no matter how facially similar, do not properly establish what occurred and what did not between the parties in this matter. Neither the use of form pleadings nor the similarity of pleadings in separate matters, without an additional showing such as in *Marino*, *Goebel*, or *Baltasar*, is sufficient to show that Plaintiffs lied in their jurisdictional pleadings. Although not dispositive in and of itself, the effect of overlap in pleadings is muted when the pleadings describe a 'company-wide scheme and pervasive practice,' which makes it plausible that similar events repeatedly transpired.

*Montejo v. Allstate Vehicle & Prop. Ins. Co.*, No. CIV-23-738-G, 2025 WL 2755873, at *6 (W.D. Okla. Sept. 29, 2025). Although State Farm disputes the Agency made the statements or representations alleged by Plaintiffs, that dispute goes "beyond matters suitable for 'summary determination' and into the realm of improperly pre-trying 'doubtful issues of fact' and considering the credibility of the parties." *Id.* (quoting *Smoot*, 378 F.2d at 882).

Last, State Farm seeks to conduct jurisdictional discovery to establish that the alleged representations did not actually occur, an insurance agent has no duty to inspect, and the claim was denied due to an absence of accidental direct physical loss. The Court is unpersuaded that jurisdictional discovery is warranted in these circumstances. State Farm's proposed discovery goes towards merits-based and credibility issues that are not appropriate at this stage in the proceeding. *See Champion v. State Farm Fire & Cas. Co.*, No. CIV-22-00922-PRW, 2023 WL 11944492, at *3 (W.D. Okla. Dec. 29, 2023).

Accordingly, Plaintiffs' Motion to Remand [Doc. No. 12] is GRANTED and State Farm's Motion for Jurisdictional Discovery [Doc. No. 15] is DENIED. This action is remanded to the District Court of Oklahoma County, State of Oklahoma.

IT IS SO ORDERED this 8th day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE